[No. 3808.]

## Mitchell v. The People.

1. Rape—Indictment—Evidence.

In a prosecution for rape it is not necessary to allege in the indictment, nor is it incumbent upon the prosecution, to prove the age of the defendant.

2. Same—Proof of Different Acts—Election.

In a prosecution for rape evidence of different acts of sexual intercourse

was introduced without objection from defendant, and no motion was made to require the prosecution to elect upon which of them it would rely for conviction. Upon appeal defendant cannot complain that an actual election was not made. All the acts proved were within the statute of limitation, and the prosecution had the right to select from among them that upon which it would rely for conviction; and in the absence of any express election from the record it will be presumed that the prosecution elected to stand by the offense it first introduced evidence to establish; and that evidence of other acts was not introduced to prove substantive offenses, but in corroboration and explanation of the evidence of the act charged.

### *Error to the District Court of Pueblo County.*

PLAINTIFF in error was convicted on an indictment charging that he " on the 8th day of May, A. D. 1897, at the County of Pueblo, State of Colorado, did then and there, being * * * a male person of the age of fourteen years and upwards, upon the person of one Jennie Hiney * * * a female person under the age of eighteen years, to wit: of the age of sixteen years, feloniously made an assault; * * * and her, the said Jennie Hiney, did then and there feloniously and forcibly ravish and carnally know, contrary to the form of statute ; " etc.

Motion for a new trial was overruled, and he was sentenced to confinement at hard labor in the penitentiary for the term of fourteen years. To reverse this sentence he brings the case here on error.

Mr. JAMES H. MECHEM and Mr. WALLACE McNEEL, for plaintiff in error.

ATTORNEY GENERAL BYRON L. CARR and Mr. CALVIN E. REED, for defendant in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

The record discloses that the only evidence introduced upon the trial was on the part of the people, and consisted

of that of Jennie Hiney, the prosecuting witness, that of her mother, and two physicians, together with certain exhibits. From this evidence it appears that Mitchell, the plaintiff in error, had lived for eight years with Mrs. Flora D. Hiney, who was separated from her husband, and was the mother of four children, the oldest being Jennie, who was sixteen years of age at the time of the trial; and that on two occasions during the preceding summer, while riding in a buggy near Fountain bridge, in Pueblo county, he had sexual intercourse with Jennie, who was then fifteen years of age; and also on two other occasions during the month of May or June of that year, at the house of Mrs. Hiney, in the city of Pueblo.

The principal error relied upon for a reversal is that there was no direct evidence to show that Mitchell was over fourteen years of age, it being insisted that it was incumbent upon the people to establish this fact by sworn testimony, in order to sustain a conviction under the stutute. This objection is not well taken. It is not necessary, in an indictment for rape, to allege, nor incumbent upon the state to prove, the age of the defendant. In *Commonwealth v. Scannel*, 11 Cush. 548, the question of the necessity of averring the age of the defendant in an indictment for rape was presented, and the court say:

"It is not necessary in an indictment for rape, to allege that the defendant is fourteen years of age. It might as well be contended that in all other cases, the indictment must allege that the party charged was above the age of seven years. The incapacity of a party, by reason of his tender years, to commit the crime charged upon him, may be a good defense on the trial, as it may negative effectually the charge, but this capacity is not required to be stated in the indictment, and its omission furnishes no ground for arresting the judgment, after a verdict against the accused."

To the same effect are *People v. Ah Yek*, 29 Cal. 575; *Davis v. State*, 42 Texas, 226; 2 Bish. on Crim. Pro. § 954.

The further errors relied upon are that there was no defi-

nite time proved when the specific act of sexual intercourse constituting the crime charged in the information took place; and that the prosecution was not required to elect which of the various acts testified to by the prosecuting witness and her mother it would rely upon for a conviction. The evidence of different acts was not objected to, nor was any motion made requiring the prosecution to elect upon which of them it would rely for a conviction. Counsel are not in a position to now complain that an actual election was not made, and that testimony as to more than one offense was permitted to go to the jury. *Miller v. People*, 23 Colo. 95.

All the acts proved were within the period of the statute of limitations applicable to the offense charged; and the prosecution had the right to select from among them that upon which it would rely for a conviction; and in the absence of any express election from the record it is to be presumed that the prosecution elected to stand by the offense it first introduced evidence to establish; and that evidence of other acts of sexual intercourse between plaintiff in error and the prosecuting witness was not introduced to prove substantive offenses, upon which a conviction might be had, but in corroboration and explanation of the evidence of the act charged.

For this purpose the evidence of the other acts was clearly admissible. *People v. Jenness*, 5 Mich. 305; *People v. Ten-Elshoff*, 92 Mich. 167; Whart. on Crim. Ev. § 35; *State v. Knapp*, 45 N. H. 148.

While, as counsel suggest, there are many things in the record that tend to arouse a suspicion that the prosecution may have been inspired by mercenary motives, and that tend to affect the credibility of the witnesses who testified against the defendant, yet these are not matters for our consideration. The jury were the judges of the credibility of the witnesses, and of the weight to be given to their testimony; and having found the defendant guilty upon testimony which, if true, clearly establishes his guilt, we are not at liberty to disturb their finding.

A careful consideration of the record satisfies us that it discloses no error that would justify a reversal. The judgment and sentence is therefore affirmed.

*Affirmed.*