[No. 4443.]

## Bigcraft v. The People.

1. **Practice in Criminal Cases—Harmless Error.**

Where a party was tried on an information containing two counts and was found guilty under the second count only, the verdict operated as an acquittal of the first, and any errors that may have been committed by rulings of the court with reference to the first count were not prejudicial to the defendant.

2. **Practice in Criminal Cases—Election of Counts—Rape.**

In a prosecution for rape where the information contained two counts, one charging the defendant with carnal knowledge of a female under the age of consent, and the other charging such knowledge forcibly and against her will, and the two counts related to one and the same transaction, it was not error to refuse to compel the prosecution to elect upon which count to rely.

3. **District Judges—Holding Court in Other District—Constitutional Law.**

Sections 1038 and 1039 Mills' Ann. Stats. authorizing the judge of one judicial district to call in a judge of any other district to assist him, and providing that both judges may hold court at the same time in separate rooms are not in violation of the provisions of the constitution.

4. **Practice in Criminal Cases—Rape—Evidence of Other Acts —Limitation.**

In a prosecution for rape it was error to admit evidence of

other acts of sexual intercourse that were barred by the statute of limitation.

**5.  Same.**

In a prosecution for rape, it is error to admit evidence of other acts than the one relied on for conviction, for any other purpose than as corroboration or explanation of the evidence of the act relied on for conviction.

**6.  Practice in Criminal Cases—Evidence.**

In a prosecution for rape where the prosecuting witness testified that defendant had intercourse with her at various times while they were going through certain woods, and on cross-examination stated, that a good many saw them going through the woods, it was reversible error to sustain an objection to a question asking her to name one person who saw them.

**7.  Rape—Evidence.**

In a prosecution for rape it was error to admit in evidence a letter written by the prosecuting witness to her mother relating a series of acts which she said had taken place between her and defendant, in the absence of a showing that the outcry was made within such time after the commission of the offense as, under the circumstances of the case, an honest woman would be likely to do.

**8.  Rape—Evidence.**

A conviction for rape was based solely upon the evidence of the prosecuting witness, who had passed the age of consent at the time of the alleged crime. The only evidence she gave of force used by defendant was in answer to questions by the district attorney as to whether she voluntarily submitted to him or whether he forced her, she said: "He forced me. He always did. I never gave in to him. I always tried to get away from him." There was no evidence as to what force was used or what resistance was made, and there was no evidence that the consent of the prosecuting witness was obtained or her resistance prevented by any threat of defendant or fear of violence at his hands. The only threat testified to being a threat to kill her and the rest of the family if she told of the acts. Held that the evidence was insufficient to support a conviction.

*Error to the District Court of Arapahoe County.*

Mr. R. D. Rees, for plaintiff in error.

Mr. C. C. Post, attorney general, and Mr. James

D. MERWIN, Mr. C. A. ROBERTS and Mr. GEO. M. POST, assistants attorney general, for the people.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

The defendant, who is the father of the prosecuting witness, was convicted of the crime of rape and sentenced accordingly. They were the only witnesses to the material facts and contradicted each other in every important particular. We are loath to disturb the verdict of a jury, and would not do so in this case were it not so clear that grave errors were committed by the trial court. But to allow the judgment to stand would be to violate principles of law which have been repeatedly enunciated by the highest courts of this country and England.

The information contained two counts, in the first of which the district attorney avowedly intended to charge the defendant with carnal knowledge of the prosecuting witness, a female under the age of eighteen years, "the age of consent," under our statute. In the second count defendant was charged with carnal knowledge of the same female forcibly and against her will. In the first count there was no necessity of charging that the crime was committed forcibly or against the will of the prosecuting witness, for she was legally incapable of consenting, while in the second such elements were necessary. The first count contained these superfluous averments. Before the plea of not guilty was entered defendant moved to quash the first count on the ground of duplicity, which was overruled by the court and an exception taken, and the ruling is assigned for error.

1. Since, by the verdict of the jury, defendant was found guilty under the second count only, this operated as an acquittal of the first, which, in subsequent proceedings, must be ignored. The first

count, therefore, may be omitted from the present dis-
cussion, for if all objections directed against it are
tenable, the rulings attacked were not prejudicial to
defendant.

2. The second assignment of error argued goes
to the ruling of the court refusing defendant's re-
quest to compel the prosecution to elect upon which
count to rely. As already stated, the attempt of the
prosecution was, in the first count, to charge defend-
ant with carnal knowledge of a female under the stat-
utory age of consent, and in the second count with
such knowledge forcibly and against her will. The
two counts relate to one and the same transaction,
and concern the same defendant, and it was entirely
within the sound discretion of the trial court to grant
or refuse this motion of defendant; for it might well
be that it was impossible before the evidence for the
prosecution was in with certainty to ascertain the age
of the prosecuting witness at the time of the commis-
sion of the alleged crime. The authorities uphold
the ruling, of which the following are illustrations:
*Beason v. State,* 72 Ala. 191, 193; *State v. Houx,* 109
Mo. 654, 661; *Thompson v. State,* 33 Tex. Crim. Rep.
472.

3. The district court of the second judicial dis-
trict of Colorado has five divisions, of which the fifth
is commonly called the criminal division. At the
time of this trial Hon. Frank T. Johnson, one of the
regularly elected judges of that court, was sitting in
the fifth division. He requested the judge of another
judicial district of the state to occupy the bench, and
authorized the latter to carry on a court as attached
to that division. This authorization is expressly
provided for in sections 1038 and 1039 Mills' Ann.
Stats.; but the defendant attacks these provisions and
the ruling below upholding them, upon the ground
that there is no constitutional authority for them.

It is argued that the judge so called upon could not hold this court, as the order of Judge Johnson purported to empower him to do, since at the same time the five regularly elected judges of the second judicial district were holding court in their respective divisions; and this would enable a judge at his will to increase the number of judges of any particular judicial district, which may be done only by the general assembly. Section 12 of article 6 of the constitution, among other things, provides that the judges of the district courts may hold court for each other, and shall do so when required by law. Defendant's counsel urges that it is not comprehensive enough to authorize a judge of a district court to call any other judge to sit with him at the same time, though in another room and as a distinct court;—the point apparently being that the constitution only authorizes an outside judge to be called in when the judicial incumbent is himself unable to hold court.

The constitutional section is not restricted to such narrow limits, and the sections of the statute above referred to authorizing a judge of the district court, when the accumulation of judicial business demands it, to request the assistance of the judge of any other district to hold court for the former, in a different room, and providing that the two judges may hold their respective sessions in different rooms at the same time, are not in violation of any constitutional provision to which our attention is called. In the circumstances of this case the judge presiding at the trial had authority to try it.

4. The constitutionality of the so-called indeterminate sentence law (Session Laws 1899, 233) is questioned by the defendant, but we do not think he is in a position at the present time to complain of the law in the particulars assigned, and for this reason we decline to consider it.

5. The information was filed November 26, 1901. By section 1481 Mills' Ann. Stats., one may not be prosecuted for a rape unless the indictment or information for the same shall have been filed within three years next after the offense shall have been committed. The information fixes the time when the offense was committed as June 29, 1899. Over the objection of defendant, the prosecution was permitted to give evidence of other acts of sexual intercourse between him and the prosecuting witness, some of which were committed, if at all, in some other county, and not within the period of the statute of limitations applicable to the crime charged; and the prosecution selected from among them as that upon which it would rely for a conviction one alleged to have been committed between Christmas day, 1899, and New Year's day, 1900;

In *Mitchell v. The People,* 24 Colo. 532, 535, the court in speaking of a ruling admitting evidence of acts of sexual intercourse other than the one charged in the information, said: "The evidence of different acts was not objected to, nor was any motion made requiring the prosecution to elect upon which of them it would rely for a conviction. * * * All the acts proved were within the period of the statute of limitations applicable to the offense charged; and the prosecution had the right to select from among them that upon which it would rely for a conviction; * * and the evidence of other acts of sexual intercourse between plaintiff in error and the prosecuting witness was not introduced to prove substantive offenses, upon which a conviction might be had, but in corroboration and explanation of the evidence of the act charged. For this purpose the evidence of the other acts was clearly admissible."

In the case at bar this evidence was objected to at the time it was offered and a motion was made re-

quiring the prosecution to elect upon which of the acts it would rely, and the prosecution did make its election. It does not appear, however, whether the other acts testified to were introduced to prove substantive offenses or in corroboration and explanation of the evidence of the act upon which the prosecution relied. In any event, it was error for the court to permit evidence to be introduced of any offenses which were barred by the statute of limitations, and of acts other than the one relied on for any other purpose than as such corroboration and explanation. We do not find that in the charge to the jury the purpose of such testimony was explained, as, upon request, the court should have done.

6. There were several particulars wherein the court erred in its rulings on evidence and in restricting the scope of the cross-examination of witnesses by defendant's counsel. We do not consider all of these, but mention one for which no excuse is offered. Upon examination in chief the prosecuting witness testified that defendant had intercourse with her at various times while they were going through certain woods. On cross-examination defendant's counsel asked her if she could name one person who ever saw them going there-through, to which she replied that a good many saw them; and when asked if she could name one, the district attorney made an objection to the question which the court sustained. That this was erroneous and reversible error is plain.

7. No outcry or complaint was made by defendant immediately after the commission of the alleged offense, but on the 2d of January, 1900, she wrote to her mother a letter in which she related a series of disgraceful acts which she said had taken place between her and the defendant; and it was objected that the so-called outcry was not so recent after the act relied on as to entitle it to be read in evidence. The

exact time when this crime was committed is not accurately fixed, but it was some time between Christmas and New Year's. Assuming, therefore, the correctness of the time as fixed, the letter was written from one to seven days thereafter; but therein no specific time is mentioned, but different acts extending over a series of years are recounted. While the prosecuting witness gives as her excuse for the tardy disclosure that her father threatened her life if she told, it clearly appears that she was not acting under the influence of these threats, but, as a chaste woman would, she ought to have made known the defendant's conduct at an earlier date. At any rate, the ruling of the court admitting this evidence cannot be sustained in the absence of some showing, which is altogether absent, that it was made within such time after the commisison of the offense as, in the circumstances of the case, an honest woman would be likely to do.

8. For more substantial reasons, however, this judgment must be reversed. If there is any evidence tending in any degree to corroborate the prosecuting witness, it is exceedingly slight. Assuming that the testimony which she gave is true, the case, as made by her, is fatally defective. The prosecution elected to rely upon an offense said to have been committed between Christmas, 1899, and New Year's day, 1900. In testifying thereto the prosecuting witness said, and it is all she says as to the particular act, in answer to a question if anything occurred between her and the defendant between those dates: "My father come and took me out to the alley with him and he had intercourse with me." In this connection there is not a word of testimony that she made any resistance, or that the act was against her consent, or that any force was used, or threats made. It must be remembered that at that time she was over eighteen years of age, and, as instructed by the court, "to constitute

the crime of rape there must be the utmost reluctance and resistance on the part of the female complainant, or her will must be overcome by fear and terror so extreme as to preclude resistance." It is true that in answer to a general question, relating to the series of acts, propounded by the district attorney, if she ever voluntarily submitted to him or whether he forced her, the prosecuting witness said: "He forced me. He always did. I never give in to him. I always tried to get away from him." And she also swears that at the beginning of their flagrant misconduct he told her not to tell of the acts, saying that if she did he would kill her and the rest of the family. Still, there is no evidence whatever as to what force was used or as to what resistance, if any, was made, and it is also to be observed that there is nowhere in the record any testimony by the prosecuting witness that her consent was obtained by, or her failure to resist was the result of, any threat used by the defendant to accomplish his purpose, or fear of violence at his hands. The only threats to which she testifies as having been made were made to induce her not to tell. And just here we add that the instruction of the court wherein the jury were told that physical force was not a necessary element of the crime, if the victim were induced to comply by threats or fear of violence, while good law in the abstract, was not applicable to the case as made, for there was no evidence on which to base it.

A number of other rulings have been discussed, but they are not likely to occur at another trial, and therefore we do not consider them. It being clear that serious and prejudicial errors were committed in the trial of the cause, the judgment should be reversed, and it is so ordered.

*Reversed.*