[No. 4796.]

SCHUETTE v. THE PEOPLE.

1. **Practice in Criminal Cases—Rape—Evidence of Several Acts —Election.**

Under an information charging the crime of rape to have been committed on a certain day, evidence is admissible of any rape committed by defendant on the prosecuting witness prior

to the filing of the information and within the statute of limitations, but where there was evidence of several different acts committed at different times, it was error to refuse to require the prosecuting attorney to elect upon which offense he would rely for a conviction.

2.  **Practice in Criminal Cases—Evidence of Other Offense—Instructions.**

In cases where evidence of several offenses are admissible as explanatory or corroboratory of the act charged, the jury should be instructed, upon request, as to the purpose of admitting such testimony, and that defendant can only be convicted of the offense charged in the information.

*Error to the District Court of the City and County of Denver:*

Hon. N. W. Dixon, Judge.

Mr. PHIL. HORNBEIN and Mr. S. W. JOHNSON, for plaintiff in error.

Mr. N. C. MILLER, attorney general, and Mr. H. J. HERSEY, for the people.

Mr. JUSTICE STEELE delivered the opinion of the court.

Upon the trial of the plaintiff in error for rape, charged in the information to have been committed on the 28th of March, 1903, evidence that the crime of rape was committed against the prosecuting witness on several different occasions was received. A motion to require the district attorney to elect upon which offense he would rely for a conviction was denied. The court instructed the jury that, "If you should be satisfied from the evidence in this case, beyond a reasonable doubt, that at any time in the year 1903 prior to the filing of the information in this cause, which was on September 14, 1903, the defendant, Carl Schuette, * * * did have carnal knowledge of the prosecuting witness * * * it will be your duty to find him guilty of rape * * * as charged in the information."

The law is well settled that where, as in this case, the information charges a single offense and there is proof of other offenses equally well charged in the information, the state is not required to prosecute for the offense committed on or nearest the day laid in the information, but may elect to prosecute for any one of them. Under such circumstances the court, upon defendant's motion, should require the district attorney to elect which offense he will pursue. The rule is different where a single offense is charged in two or more counts in different forms to meet the evidence. In such case the court should, ordinarily, refuse to require the district attorney to elect, and permit the jury to determine which count, if any, is sustained by the evidence.

In the case before us the information contains one count and charges the defendant with having committed rape on the 28th of March, 1903. Evidence of other acts of sexual intercourse with the prosecuting witness, committed within the period of the statute of limitations, was clearly admissible; but the court erred, we think, in not requiring the district attorney to elect.—*Bigcraft v. People,* 30 Colo. 298; *Mitchell v. People,* 24 Colo. 532; Wharton's Crim. Pl. and Pr., § 293.

In cases where evidence of several offenses is admissible as explanatory or corroboratory of the act charged, the jury should be instructed, upon request, that the purpose of permitting such testimony to be given is not to establish other offenses, but solely for the purposes of corroboration or explanation, and that the defendant can only be found guilty of the offense charged in the information; and even though the jury believes the defendant to be guilty of an offense, unless it be the offense charged in the information, he is entitled to an acquittal.

The defendant is entitled to know for what

offense he is being tried, and unless the district attorney is required to elect, it may be, as has been well said by the supreme court of Michigan, in *People v. Jenness*, 5 Mich. 305: "The recorder might, in his own mind, assign the information to one act, the prosecuting attorney to another, the defendant's counsel to a third, and the jury to a fourth, and it was even possible that part of the jury might base their verdict upon one act and part upon another, and a verdict of guilty might result without an actual agreement of the jury."

We are of opinion that the court erred in not requiring the district attorney to elect; the judgment is therefore reversed and the cause remanded.

*Reversed.*