No. 12,834.

ABBOTT *v.* THE PEOPLE.
(299 Pac. 1053)

Decided May 18, 1931.

Mr. ISAAC MELLMAN, for plaintiff in error.

No appearance for the people.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

JAMES B. Abbott, plaintiff in error, hereinafter referred to as defendant, was charged, tried, and convicted of statutory rape, and sentenced to a term in the penitentiary. He prosecutes this writ, relying upon several errors, only one of which merits consideration here.

The people elected to proceed upon the offense which was alleged to have been committed on October 12, 1930. During the course of the trial, the victim was permitted, over the objection of defendant, to testify to similar occurrences between herself and defendant, occurring more than three years prior to October 12, 1930.

In *Bigcraft v. People,* 30 Colo. 298, 303, 304, 70 Pac. 417, and *Curtis v. People,* 72 Colo. 350, 353, 211 Pac. 381, the rule announced in statutory rape cases was that, the admission, for any purpose, of evidence of another similar offense against the prosecuting witness by the defendant, and antedating the statute of limitations, was reversible error, and, upon these authorities, this case must be reversed.

Judgment reversed and cause remanded for a new trial.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BUTLER dissent.

MR. JUSTICE HILLIARD not participating.

MR. JUSTICE BUTLER dissenting.

The rule adopted by the court is contrary to reason, and also contrary, not only to the weight of authority, but to practically the uniform holding of the courts throughout the United States.

The decision in *Curtis v. People,* 72 Colo. 350, 211 Pac. 381, is due, it seems to me, to a misunderstanding of the opinion in the Bigcraft case, 30 Colo. 298. There, there was evidence of several acts, some of them having occurred over three years before. Objection to such evidence was made on the ground that "that is another case," and that "all these others are too far removed from the charge alleged in the information." Not a word was said in the lower court about the statute of limitations. There was nothing in the instructions to indicate to the jury on which of the several transactions the defendant was being prosecuted. Even the date alleged in the information was not given; hence there was nothing to advise the jury upon what transaction they should base their verdict, and what transactions could be considered only in corroboration and explanation of the evi-

dence of the act upon which the prosecution relied. So far as the record discloses, the jury were permitted to convict on any of the several transactions, and, for aught we know, they may have based their verdict upon one of the offenses barred by the statute. When the case reached this court, counsel for Bigcraft did not argue that evidence of the offenses over three years before was inadmissible because barred by the statute of limitations, but because the prior offenses were too remote. The only mention of that statute was in connection with the contention that proof of the offense charged should be reasonably near the date alleged. Counsel said: "It is true that the offense may be charged and proven at any time not barred by the statute of limitations. Yet the time alleged in the information must be reasonably near to the time when the offense is sought to be proven. * * * Otherwise he could not properly prepare his defense." It was not even suggested that the statute of limitations had any effect whatever on the admissibility of the evidence of the prior offenses. The following language in the opinion must be understood as having been used with reference to the situation presented by the record: "It does not appear, however, whether the other acts testified to were introduced to prove substantive offenses or in corroboration and explanation of the evidence of the act upon which the prosecution relied. In any event, it was error for the court to permit evidence to be introduced of any offenses which were barred by the statute of limitations, and of acts other than the one relied on for any other purpose than as such corroboration and explanation." Though not happily expressed, the statement may be given a construction that harmonizes it with the law as declared by practically every court in this country that has passed upon the question. Thus: In any event, it was error for the court to permit evidence to be introduced, for any purpose other than such corroboration and explanation, of any offenses which were barred by the statute of limitations, and of acts that occurred with-

in the limitation period, but prior to the act relied upon. Giving the language the construction given it in the Curtis case, supra, would reduce it to the status of dictum, for it went far beyond the case before the court, and was not essential to its disposition. *Harriman v. Northern Securities Co.*, 197 U. S. 244; *Ogden v. Saunders,* 12 Wheat. 213. In *Mitchell v. People,* 24 Colo. 532, 52 Pac. 671, cited in the opinion in the Bigcraft case, there was evidence of several acts. There was no election by the people of the particular offense that would be relied upon for a conviction. We held that as the defendant made no objection to the introduction of the evidence in the trial court, and made no motion to require the people to elect upon which offense they would rely for a conviction, and as all the offenses were within the period of the statute of limitations, the defendant was in no position to complain in this court that an actual election was not made, and that testimony as to more than one offense was permitted to go to the jury. That case had no application to the Bigcraft case and has no application to this case.

By following the Curtis case, supra, we place this court in the position of standing practically alone in holding that the statute of limitations applies to the introduction of evidence. That such is not the law is attested by many authorities. The citation of a few will suffice. *Lawson v. State,* 20 Ala. 65; *Wolfson v. United States,* 41 C. C. A. 422; *State v. Potter,* 52 Vt. 33; *Adams v. State,* 78 Ark. 16; *State v. Pippin,* 88 N. C. 646; *State v. Guest,* 100 N. C. 410, 413.

The rule announced in the Curtis case and adopted in this is not supported by reason. The statute of limitations bars the prosecution of a person for an offense after the lapse of the prescribed period of time; it has that effect and that only. Evidence of former acts of illicit intercourse not too remote may be of the utmost probative force. It shows the relation and intimacy of the parties and their disposition to have intercourse, and renders highly probable the commission of the act

charged. It does not lose its probative value merely because there can be no prosecution therefor on account of the statute of limitations. In this case there was evidence of two prior acts, one within and the other beyond the statutory period.

The exclusion of evidence of prior offenses can be justified only when such offenses are too remote. Remoteness does not necessarily result from mere lapse of time, but depends upon that together with other circumstances. *People v. Thompson,* 212 N. Y. 249, 254. Whether or not prior offenses are too remote to be helpful is a matter for the trial court to determine in the exercise of a reasonable discretion. A prior offense may be beyond the period prescribed by the statute of limitations and still be closely connected in point of time with the offense charged. For example: A is prosecuted for statutory rape alleged to have been committed two years and eleven months ago. The district attorney offers evidence to the effect that for a period of one year, continuing up to one month before the date of the offense charged, the defendant had sexual intercourse with the prosecuting witness on many occasions. Under the rule announced in this case, such evidence, though admittedly of persuasive force, must be excluded because the statute of limitations forbids the prosecution of the defendant for those prior offenses. Again: A is prosecuted for the murder of a man killed more than three years prior to the filing of the information. The district attorney offers evidence to the effect that the day before the homicide the defendant shot at the deceased; that a few days before that he assaulted the deceased and wounded him with a dagger; and that a day or two before that he put poison in food intended for and consumed by the deceased. Under the rule adopted in this case, all such evidence must be excluded because, forsooth, the statute of limitations bars the prosecution of the defendant for those prior offenses. Such a situation is unthinkable; and yet the rule concerning proof of prior offenses applies

alike in all criminal cases, regardless of the nature of the crime charged.

As I understand the situation, the majority of the justices, while not in favor of the rule announced in the Bigcraft case and the Curtis case, are reluctant to disturb the decisions in those cases. I have no such reluctance. Where a court, without due consideration, has made a decision that is contrary to the overwhelming weight of authority, is opposed to reason, does not involve property rights, and, if followed, would seriously cripple the administration of criminal justice, the sooner the court recedes from its untenable position the better. The rule of stare decisis applies only where a rule of property is involved. In such cases courts are reluctant —properly so—to depart from precedent, because property rights have been acquired in reliance upon the prior decision. Only in the clearest cases and for the most cogent reasons should such decisions be overruled; and yet when justice requires it, we have taken that course. Thus, in 1885, in *Branagan v. Dulaney,* 8 Colo. 408, 8 Pac. 669, this court rendered a decision concerning cross-veins. In 1899, in *Calhoun Gold Mining Co. v. Ajax Gold Mining Co.,* 27 Colo. 1, 59 Pac. 607, 50 L. R. A. 209, we overruled the former case, making this pertinent observation: "Courts are not bound to perpetuate errors merely upon the ground that a previous erroneous decision has been rendered on a given question." In *Walton v. Walton,* 86 Colo. 1, 17, 278 Pac. 780, the court overruled *Parsons v. Parsons,* 70 Colo. 154, 198 Pac. 156, so far as the opinion in that case "is in conflict" with the Walton case. In *Burson v. Adamson,* 87 Colo. 451, 458, 288 Pac. 623, we overruled *Williams v. Smith,* 76 Colo. 151, 230 Pac. 395, and *Erisman v. McCarty,* 77 Colo. 289, 236 Pac. 777. In criminal cases, where property rights are not involved, courts are less reluctant to depart from bad precedents. In *Damas v. People,* 62 Colo. 418, 163 Pac. 289, L. R. A. 1917D, 591, it was held that confessions are not direct, but circumstantial, evidence within

the meaning of the statute providing that no person shall suffer the death penalty who shall have been convicted of murder upon circumstantial evidence alone. We reversed the death sentence. In *Mitchell v. People,* 76 Colo. 346, 232 Pac. 685, 40 A. L. R. 566, we held that confessions are not circumstantial evidence within the meaning of that statute, but direct evidence. We overruled the Damas case and sustained the sentence of death. These examples—there are others—will suffice to show that courts not only are not bound to perpetuate errors unfortunately committed in former decisions, but that they do sometimes recede from an untenable position.

I submit that this is one of the cases where we should decline to perpetuate an error; where pride of opinion, if any, should yield to the demands of reason and justice.

Mr. CHIEF JUSTICE ADAMS dissenting.

I regret my inability to concur in the main opinion. I believe that the majority of my associates, including the author of the opinion, would be inclined to join with me in adopting Mr. Justice Butler's views, as expressed in his dissent, except for the fact that they feel we should follow our former decisions in the Bigcraft and Curtis cases, above mentioned. However, I must agree with Mr. Justice Butler that the rule of evidence there announced is capable of improvement.