The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Samuel Charles YOUNGS, Defendant-Appellant.

No. 81CA0084.

Colorado Court of Appeals, Div. III.

Feb. 17, 1983.

Rehearing Denied March 17, 1983.

Certiorari Granted June 27, 1983.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Nathan B. Coats, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Deborah S. Waldbaum, Deputy State Public Defender, Denver, for defendant-appellant.

KIRSHBAUM, Judge.

Defendant, Samuel Charles Youngs, appeals his jury conviction of first degree sexual assault and crime of violence. We affirm.

According to the prosecution's evidence, on March 26, 1979, defendant gave a ride to the victim, who was hitchhiking in Jefferson County, Colorado. Thereafter, at gun point, he took her to the mountains and sexually assaulted her.

Some time later defendant was arrested in Fort Collins, Colorado, for investigation of a sexual assault which had been perpetrated in that city. While in custody, he described to police officials his participation in several other assaults, including one in Jefferson County. Jefferson County police officials were then notified of defendant's statements and, after administering proper *Miranda* warnings, further interrogated defendant. The information in this case subsequently was filed.

Defendant first contends that the trial court erred in admitting testimony of similar transactions over his objection. We disagree.

Section 16–10–301, C.R.S. 1973 (1978 Repl. Vol. 8) sets forth the standards governing the admissibility of similar transaction evidence in sexual assault cases. *People v. Opson,* 632 P.2d 602 (Colo.App.1980). After establishing a *prima facie* case against the defendant, the prosecution must advise the trial court of the purpose for which the evidence of similar transactions is to be introduced. The trial court must then determine if the other transactions are sufficiently similar, if the evidence is relevant for the purpose offered, and if the potential prejudice to the defendant is outweighed by the probative value of the evidence. *People v. Vollentine,* 643 P.2d 800 (Colo.App.1982). The determination of whether these statutory conditions for admissibility are met is within the sound discretion of the trial court. *People v. Vollentine, supra; People v. Pigford,* 40 Colo.App. 523, 580 P.2d 820 (1978), *aff'd,* 197 Colo. 358, 593 P.2d 354 (1979).

The question of the identity of the perpetrator of the offense was a primary issue at trial. The prosecution advised the trial court that, for the purpose of proving identity, it wished to introduce tape recordings of defendant's statements admitting similar sexual assaults on two other persons and to call as witnesses these two victims to describe the circumstances surrounding their assaults and to identify defendant as their assailant. The record reveals that these two transactions, while not identical in all respects to the caes at hand, were "sufficiently similar so that common identity . . . could be inferred." *People v. Pigford, supra. See also People v. Casper,* 631 P.2d 1134 (Colo.App.1981). We conclude that the trial court did not abuse its discre-

tion in finding that this evidence was relevant for the purpose of identity and that its relevance outweighed its potential prejudice to the defendant.

■ Defendant also contends that the trial court erred in denying his motion to dismiss based on destruction of evidence. We disagree.

In *People v. Roark,* 643 P.2d 756 (Colo. 1982), our Supreme Court explored the duties of official investigators to gather or preserve possible exculpatory evidence during the investigation of criminal activities. There, the court declined to impose any such duty when "there is no indication that the police acted in bad faith in allowing the evidence to become unusable without accomplishing tests for possibly relevant information."

Defendant's motion to dismiss alleged that a "rape kit" containing various evidence respecting the sexual assault had been lost or destroyed by the prosecution. The record reveals that the Jefferson County Sheriff's Department disposed of such evidence only after being informed of the initial decision of the victim not to prosecute defendant. Under this unique circumstance, we conclude, as did the trial court, that "there was no prosecutorial misconduct or misfeasance in the destruction of the evidence itself." Thus, the trial court did not err in denying defendant's motion.

The judgment is affirmed.

BERMAN and TURSI, JJ., concur.