The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

Ronald Allen **MONTOYA**, Defendant-Appellant.

No. 83CA0006.

Colorado Court of Appeals, Div. II.

Feb. 7, 1985.

Rehearing Denied March 14, 1985.

Certiorari Granted Aug. 19, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia D. Jones, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

After a police investigation of an incident concerning his 13-year-old stepdaughter, the defendant, Robert Montoya, was charged with the offense of sexual assault on a child. Although his two stepdaughters had previously described the incident in detail, when the prosecution called them as witnesses at trial, they denied the assault had occurred, and claimed that they had fabricated the story as a means of removing the defendant from the household. The prosecution then introduced evidence of the reports the girls had previously given to social workers and the police describing the assaults. The prosecution called the stepdaughters' mother, who also recanted a previous statement and denied that the defendant had admitted the assault to her, and also denied that the assault had occurred. The defendant was convicted after a jury trial. He appeals, contending that the trial court erred in admitting evidence of the witnesses' prior inconsistent statements without a foundation as required by CRE 613, and in admitting evidence of similar transactions. We affirm.

I.

The defendant first contends that the court erred in admitting into evidence the inconsistent prior statements of certain witnesses, even though permitted by § 16–10–201, C.R.S. (1978 Repl. Vol. 8), because the prosecution did not lay a foundation as required by CRE 613. Thus, he asserts that the rule takes precedence over the statute. Therefore, the defendant contends that the witnesses should have been confronted with the fact of the prior inconsistent statements, and had they admitted those statements, further evidence of the statements would have been inadmissible. Because the witnesses here did in fact admit the prior inconsistent statements and attempt to explain them, he argues that it was error to admit the impeachment testimony. We disagree.

■ In the case of a conflict between a statute concerning substantive matters and a rule of evidence, the statute prevails over the rule. *See People v. McKenna*, 196 Colo. 367, 585 P.2d 275 (1978); *People v. Hollis*, 670 P.2d 441 (Colo.App.1983). The statute at issue here, § 16–10–201, makes admissible in criminal proceedings inconsistent hearsay statements under the conditions set forth in the statute. Interpreting a previous version of this statute, in *People v. Smith*, 182 Colo. 228, 512 P.2d 269 (1973) the court held that matters relating to admissibility of prior inconsistent statements are substantive in nature.

■ In order for testimony such as that in question here to be admissible, § 16–10–201 requires that the witness must have made a previous inconsistent statement, and that (a) the witness, while testifying,

must be given an opportunity to explain or deny the statement or must be available to give further testimony in the trial; and (b) that the previous statement must purport to relate to a matter within the witness's own knowledge. If the prior statements of a witness appear to be inconsistent, and the two statutory conditions are adequately established, § 16–10–201 mandates the admission of the prior inconsistent statements even as against a party's own witness, whether that party be the prosecution or the defense. *People v. Bastardo*, 191 Colo. 521, 554 P.2d 297 (1976); *People v. Grant*, 40 Colo.App. 46, 571 P.2d 1111 (1977). The disputed testimony in this case met the statutory requirements.

■ Because these statements were admissible under the statute, no additional showing of the witnesses's lack of acknowledgement of the prior inconsistent statements, as required under CRE 613, was necessary. *See People v. McKenna, supra; People v. Hollis, supra.* Therefore, the admission of the evidence was not error.

## II.

The defendant also contends that the trial court erred when it permitted the victim, her sister, and her mother to testify concerning prior similar transactions. We disagree.

■ The trial court has substantial discretion in deciding the admissibility of evidence of a similar transaction, and only where there is an abuse of discretion will that ruling be disturbed. *Pigford v. People*, 197 Colo. 358, 593 P.2d 354 (1979). Evidence of prior similar transactions is admissible to prove, among other things, plan, scheme, design, and motive, and this is particularly so in sexual assault cases. *People v. Vollentine*, 643 P.2d 800 (Colo. App.1982); *People v. Whitesel*, 200 Colo. 362, 615 P.2d 678 (1980). However, the trial court must, as it did in this case, instruct the jury as to the limited purpose for which the evidence is admitted and for which the jury may consider it. Section 16–10–301, C.R.S. (1978 Repl.Vol. 8).

 The trial court found that the proffered similar transactions evidence was relevant and that the probative value of the evidence outweighed the prejudice to the defendant. *See People v. Flowers*, 644 P.2d 916 (Colo.1982). The court also found that during the event charged, as on the alleged prior occasion, the defendant had forced the victim to behave in a particular manner, that is, to dress in her mother's clothing and parade in front of him, and that this behavior was so similar to the prior transactions that a common plan or scheme was demonstrated. *See People v. Vollentine, supra.* We perceive no error in the court's ruling.

Judgment affirmed.

SMITH and KELLY, JJ., concur.