**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Kenneth Walter ADRIAN, Defendant-Appellant.**

No. 85CA1717.

Colorado Court of Appeals, Div. III.

May 7, 1987.

As Modified on Denial of Rehearings June 18, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Curt P. Kriksciun, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Hawke, McComas & Hofgard, Lee Allen Hawke, Boulder, for defendant-appellant.

METZGER, Judge.

Defendant, Kenneth Walter Adrian, appeals the judgments of conviction entered upon jury verdicts finding him guilty of two counts of sexual assault on a child and his adjudication by the trial court as a habitual sex offender against children. His sole contention on appeal is that the

trial court erred in admitting evidence of prior similar transactions because they were remote, irrelevant, and prejudicial. We affirm.

In cases of sexual assault on a child, evidence of prior similar transactions is admissible under § 16–10–301, C.R.S. (1986 Repl.Vol. 8A) and CRE 404(b), if it is offered to show a common plan, scheme, design, identity, modus operandi, motive, guilty knowledge, or intent.

Once the People have established a prima facie case, they must advise the court of the purpose for which such evidence will be offered. *People v. Youngs*, 665 P.2d 143 (Colo.App.1983), *aff'd*, 707 P.2d 360 (Colo. 1985). The court must then determine whether the evidence is relevant to a material issue in the case, and whether its probative value is substantially outweighed by the danger of unfair prejudice. *See People v. Honey*, 198 Colo. 64, 596 P.2d 751 (1979). In addition, the court must instruct the jury as to the limited purpose for which the evidence is admitted and for which the jury may consider it. *People v. Montoya*, 703 P.2d 606 (Colo.App.1985).

Here, the child victims testified that they had been sexually abused from age 6 while they were in the care of the defendant. The People then offered the testimony of the victims' uncle as evidence of prior similar transactions for the purpose of showing common plan, scheme, design, motive, intent, modus operandi, and guilty knowledge. The uncle testified that, 15 to 19 years ago, when he was a child 8 to 12 years old and in defendant's care, he had been sexually abused by defendant. This evidence tended to show a common motive and modus operandi, i.e., that defendant had abused his position of trust to obtain sexual gratification from children, members of his family, who were within his care. In addition, it revealed a striking similarity, both in the young age of the victims and in the type of sexual activity perpetrated by defendant.

The defendant challenges admission of the victims' uncle's testimony on the basis that its remoteness in time rendered its probative effect of lesser weight than its prejudicial influence. We perceive no error.

If remoteness is an issue, the trial court must consider all of the relevant circumstances. *People v. Mathes*, 703 P.2d 608 (Colo.App.1985); *People v. Geller*, 189 Colo. 338, 540 P.2d 334 (1975). There are few absolute rules on the number of years that can separate two instances of conduct without destroying the evidentiary value of one. *See United States v. Franklin*, 704 F.2d 1183 (10th Cir.), *cert. denied* 464 U.S. 845, 104 S.Ct. 146, 78 L.Ed.2d 137 (1983).

Although no court has allowed evidence of similar acts to be admitted when those acts occurred more than 20 years prior, *see Annot.*, 88 A.L.R.3d 8 (1978), there is no consistent trend in the way courts have dealt with evidence of similar acts occurring less than 20 years prior to trial. *Compare, Potts v. State*, 427 So.2d 822 (Fla. Dist.Ct.App.1983) (testimony admitted regarding sexual abuse of the defendant's sister occurring as much as 18 years before trial); and, *People v. Thomas*, 20 Cal.3d 457, 143 Cal.Rptr. 215, 573 P.2d 433 (1978) (evidence of similar acts 10–18 years before trial was excluded as being remote and unduly prejudicial).

In evaluating the admissibility of such evidence, remoteness is but one issue to be considered. The trial court must also consider the strength of the evidence as to the commission of the acts, the similarities between the acts, the interval of time elapsed between the acts, the need for the evidence, the efficacy of alternative proof, and the degree to which the evidence will rouse the jury to overmastering hostility. *McCormick on Evidence* § 190 (E. Cleary 3d. ed. 1984).

As to the similarities of the act and the strength of the evidence, the prima facie case presented by the People showed a striking similarity in the circumstances and methods of the assaults, and was corroborative of the victims' testimony. Also, although there was an interval of approximately fourteen years between the offenses, the defendant was incarcerated for at least seven years of that time and, thus,

lacked the opportunity to commit similar acts for that period. *See State v. Rutchik,* 116 Wis.2d 61, 341 N.W.2d 639 (1984). As to the need for the evidence, we note that, because of the secrecy surrounding sexual abuse of children, there are few effective alternative forms of proof. Finally, any impact upon the sensibilities of the jury was tempered by the carefully worded limiting instructions given before the evidence was adduced and, again, at the end of trial.

The trial court has substantial discretion in this area. While we might not have admitted evidence of abuse as remote as this, applying the law and the requisite tests, we perceive no abuse of that discretion. *Pigford v. People,* 197 Colo. 358, 593 P.2d 354 (1979).

Judgments affirmed.

VAN CISE, J., concurs.

BABCOCK, J., dissents.

BABCOCK, Judge, dissenting.

I dissent.

The majority opinion totally ignores our Supreme Court's long-standing rule, unaffected by the enactment of either § 16–10–301, C.R.S. (1986 Repl.Vol. 8A) or CRE 404(b), that for evidence of prior similar offenses to be admissible in criminal proceedings, they must have occurred within the period of the statute of limitations. *See Abbott v. People,* 89 Colo. 121, 299 P. 1053 (1931); *Curtis v. People,* 72 Colo. 350, 211 P. 381 (1922); *Bigcraft v. People,* 30 Colo. 298, 70 P. 417 (1902); *see also People ex rel. Kent v. Denious,* 118 Colo. 342, 196 P.2d 257 (1948). The period of limitations for prosecution for sexual assault on a child pursuant to § 18–3–405, C.R.S. (1986 Repl.Vol. 8B) is 10 years. Section 16–5–

401(6), C.R.S. (1986 Repl.Vol. 8A). Evidence of defendant's conduct that occurred 15 to 19 years prior to trial was therefore inadmissible. *See Abbott v. People, supra.*

The evidence was also too remote in time to have any relevancy whatsoever to defendant's motive or modus operandi in the offenses charged. *See People v. Thomas,* 20 Cal.3d 457, 573 P.2d 433, 143 Cal.Rptr. 215 (1978) (testimony that defendant had committed "lewd and lascivious acts" with daughter 10 to 18 years prior to offenses charged held too remote to be relevant). Here, the evidence of prior acts was probative only of defendant's propensity to commit the crimes charged. This is a forbidden purpose, *see* CRE 404(b), and the evidence was therefore improperly admitted. *See People v. Lucero,* 200 Colo. 335, 615 P.2d 660 (1980); *Stull v. People,* 140 Colo. 278, 344 P.2d 455 (1959).

In *Stull,* our Supreme Court iterated the bedrock principle that: " 'Thou shalt not convict a person of an offense by proof that he is guilty of another.' " In light of the majority opinion, I fear the "similar transaction" exception has now consumed the salutory rule that evidence of prior acts is never admissible to show an accused's propensity to commit crimes.

Because the trial court abused its discretion in admitting this irrelevant and highly prejudicial evidence, reversal of defendant's conviction is required.