Kenneth Walter ADRIAN, Petitioner,

v.

The PEOPLE of the State of Colorado, Respondent.

No. 87SC254.

Supreme Court of Colorado, En Banc.

March 13, 1989.

Rehearing Denied April 10, 1989.

Hawke & McComas, Lee Allen Hawke, Boulder, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David L. Saine, Asst. Atty. Gen., Denver, for respondent.

ERICKSON, Justice.

Petitioner Kenneth Walter Adrian (defendant) was convicted by a jury of two counts of sexual assault on a child, section 18–3–405, 8B C.R.S. (1986). The court of appeals affirmed the conviction. *People v. Adrian*, 744 P.2d 768 (Colo.App.1987). We granted certiorari to determine whether evidence admitted during trial of a similar sexual assault by defendant fifteen or more years prior to trial was reversible error.

## I.

Evidence of prior similar transactions in cases involving sexual assault on a child is admissible under section 16–10–301, 8A C.R.S. (1986) and CRE 404(b), if it is offered for the limited purpose of establishing a common plan, scheme, design, identity, *modus operandi*, motive, guilty knowledge, or intent. Evidence of prior criminal conduct is not admissible to prove the defendant's guilt of the crime charged. *Callis v. People*, 692 P.2d 1045 (Colo.1984); *Lucero v. People*, 200 Colo. 335, 615 P.2d 660 (1980); *People v. Honey*, 198 Colo. 64, 596 P.2d 751 (1979).

The prosecution may not offer evidence of similar acts until a *prima facie* case has been made which would warrant submitting the case to the jury. § 16–10–301(4). Before offering evidence of similar acts, the prosecution must advise the trial court of the purpose for the admission of the evidence. § 16–10–301(2). The court must then determine if the evidence is relevant to a material issue in the case, and whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *See* § 16–10–301(2); CRE 401, 403; *People v. Honey*, 198 Colo. at 66,

596 P.2d at 754. Before evidence of similar acts is admitted, the trial judge must advise the jury of the limited purpose for the admission and consideration of the evidence. § 16–10–301(3); *Stull v. People*, 140 Colo. 278, 344 P.2d 455 (1959).

In this case, the prosecution claims that the evidence of prior similar sexual assaults committed by the defendant fifteen years prior to trial was admissible because the acts were similar and establish *modus operandi* and motive. We agree and therefore affirm defendant's judgment and conviction.

## II.

For over fifteen years, defendant was a trusted friend of the victims' family. In September 1984, defendant took C.B., who was then twelve years old, to his house and sexually assaulted him in the bathroom. C.B. testified that defendant sexually assaulted him several times before the September incident, and that the first incident occurred when C.B. was six years old. Sometime between November 1 and December 20, 1984, defendant also sexually assaulted C.B.'s five-year old cousin, J.B. The assault took place in the bathroom of an apartment near a children's play center.

In July 1985, two months before trial, the prosecution filed a "Notice of Intent to Use Evidence of Similar Transactions," to advise both the court and the defendant that the prosecution intended to introduce evidence of specific prior sexual assaults by the defendant on a minor child. The notice stated that the prosecution would introduce evidence of sexual contact between defendant and D.B., the uncle of C.B. and J.B., and that the evidence was being offered to show notice, opportunity, intent and the absence of mistake.

On the morning of trial, defendant moved to exclude D.B.'s testimony because the sexual assault on D.B. occurred over ten years prior to the assaults on J.B. and C.B. The trial court conducted an *in limine* hearing to determine whether D.B.'s testimony was admissible or barred by time limitations on prosecution for sexual as-

sault on a child. D.B. testified that the defendant was approximately twenty-three years old, and that D.B. was eight years old when he met the defendant in 1970. Defendant was then D.B.'s counselor at a youth camp. After the defendant befriended D.B.'s family, the defendant began taking D.B. on extended vacations. D.B. testified that he lived with defendant for two years and that defendant sexually assaulted him almost nightly. Sexual relations continued between the defendant and D.B. for four years. The sexual assaults ceased when D.B. was approximately twelve years old.

At the conclusion of the hearing, the court found that although "a lot of time has elapsed" since the assaults on D.B., D.B.'s testimony related to *modus operandi* and motive. Accordingly, the trial court ruled that the evidence was admissible provided that a limiting instruction was given before D.B. testified. *See Stull,* 140 Colo. 278, 344 P.2d 455. During the trial, the court gave the limiting instruction required by *Stull* before D.B.'s testimony and the defendant made no objection to the adequacy of the instruction.[1] D.B. then gave substantially the same testimony to the jury as he had given during the *in limine* hearing. At the conclusion of trial, the jury found defendant guilty of one count of sexual assault against C.B. and one count against J.B.

The court of appeals held that D.B.'s testimony relating to prior sexual assaults was neither too remote nor too diverse to render it irrelevant. The court of appeals concluded that the circumstances and methods of the sexual assault against D.B. showed a "striking similarity" to the assaults against C.B. and J.B., over fifteen years later.

## III.

Section 16–10–301(2), 8A C.R.S. (1986), states:

> If the prosecution intends to introduce evidence of similar acts or transactions as provided in subsection (1) of this section, the prosecutor shall advise the trial court of the purpose for which evidence of similar acts or transactions is offered. The burden shall be on the prosecution to show the relevancy of evidence if objection to introduction of said evidence has been made. *The trial court shall determine whether or not the evidence offered is relevant and, if relevant, whether or not the prejudice which would result to the defendant by the introduction of the evidence outweighs the evidentiary value of the evidence.*[2]

(Emphasis added.)

Pursuant to section 16–10–301(2), the trial court is vested with substantial discretion in deciding the admissibility of evidence of prior similar acts. *Pigford v. People,* 197 Colo. 358, 593 P.2d 354 (1979); *see also People v. Ihme,* 187 Colo. 48, 528 P.2d 380 (1974). The trial court must decide admissibility on a case-by-case basis consistent with the standards and procedures set forth in section 16–10–301. *People v. Flowers,* 644 P.2d 916 (Colo.1982). In determining the relevancy of similar transaction evidence, remoteness as well as other circumstances must be considered. *See People v. Geller,* 189 Colo. 338, 540 P.2d 334 (1975). In *Geller,* we held that: "There is no fixed standard for determining remoteness, ... the determination of whether evidence is too remote to be relevant is left to the discretion of the trial judge, and his decision will not be reversed

---

1. The trial court instructed the jury:
 Ladies and gentlemen of the jury, I'm going to instruct you at this time and I'll instruct you again in the instructions that you'll receive at the conclusion of this case, the evidence presented by D.B. of similar acts which you are going to hear is offered for the limited purpose of showing plan, scheme, design, *modus operandi* and motive and is offered for no other purpose and you are to consider it for no other purpose. Mr. Adrian is charged with

the offenses against J.B. and C.B. and he is entitled to be tried on those offenses only. This evidence is for the limited purpose that I've explained to you.

2. The enactment of section 16–10–301 reflects a policy judgment that in sexual assault cases a need arises to make similar transactions evidence more readily available. *Pigford v. People,* 197 Colo. 358, 593 P.2d 354 (1979); *People v. Opson,* 632 P.2d 602 (Colo.App.1980).

in the absence of clear proof of an abuse of that discretion." *Geller,* 189 Colo. at 341, 540 P.2d at 337 (quoting 1 R. Anderson, *Wharton's Criminal Evidence* (12th ed. 1955)).

■ In addition to remoteness, the trial court must also consider the strength of evidence of the commission of prior acts, the similarities between the acts, the interval of time elapsed between the acts, the need for the evidence, the efficacy of alternative proof, and the degree to which the evidence will rouse the jury to overmastering hostility. *See McCormick on Evidence* § 198 (E. Cleary 3d ed. 1984); C. Torcia, *Wharton's Criminal Evidence* § 199 (14th ed. 1985). *See generally,* E. Imwinkelried, *Uncharged Misconduct Evidence* § 8:08 (1984). Other jurisdictions have held that remoteness does not prevent the admission of evidence of prior sexual assaults when such evidence is otherwise relevant. *See, e.g., Demmert v. State,* 565 P.2d 155 (Alaska 1977) (Prior evidence of sexual offense seven years prior to trial was held to be admissible. The time of the earlier offense was one of three factors used to determine admissibility.); *Potts v. State,* 427 So.2d 822 (Fla.App.2d Dist.1983) (Evidence of sexual assaults twelve and eighteen years before trial was held to be admissible under a traditional relevancy test.); *Jarrett v. State,* 465 N.E.2d 1097 (Ind.1984) (Evidence of a sexual assault ten years before trial was admissible and the substantial passage of time does not render the evidence inadmissible.); *Lawrence v. State,* 464 N.E.2d 923 (Ind.1984) (Evidence of rape conviction twenty-two years earlier was held to be admissible. The court stated that the "passage of time alone would not end any strand of relevance" *id.* at 924.); *State v. Breaszeale,* 238 Kan. 714, 714 P.2d 1356 (1986) (Evidence of rapes ten years prior to trial was held to be admissible, particularly because defendant was incarcerated for the majority of the time between the offenses. Remoteness affects weight rather than ad-

missibility.); *State v. Tecca,* 714 P.2d 136 (Mont.1986) (Evidence of sexual assault nine years before charged assault was admitted. Remoteness is one of four factors used to determine admissibility and the problem of remoteness is alleviated by a continuing pattern of similar conduct.); *State v. Friedrich,* 135 Wis.2d 1, 398 N.W.2d 763 (1987) (Evidence of two prior sexual acts was admitted as highly probative of a plan or scheme. Defendant maintained a quasi-familial relationship with victim's family for over five years.).

■ Here, any difficulties caused by the remoteness of defendant's assault on D.B. is outweighed by the similarity of the three incidents. The record before us unequivocally establishes a compelling pattern and remarkable similarity of defendant's sexual misconduct. D.B., C.B., and J.B. were all male members of the same family who were befriended by defendant at an early age and sexually molested between the ages of five and eleven. All of the assaults occurred while the children were in defendant's care and custody. Finally, the type of sexual abuse perpetrated by defendant was similar in each case.[3]

We conclude that the trial court correctly held that although the sexual assault occurred a generation earlier, the evidence of the assault on D.B. was relevant to show *modus operandi* and motive, and accordingly, was properly admitted. The trial court did not abuse the discretion vested in it pursuant to section 16–10–301.

### IV.

■ Defendant claims that for evidence of prior similar sexual assaults to be admissible, the similar transactions must be within the statute of limitations of the offense for which defendant is charged. He argues that since the statute of limitations for sexual assault on a child is ten years[4], the admission of D.B.'s testimony regard-

---

3. The assault on D.B. and the assaults on C.B. and J.B. are one generation apart. As noted by the court of appeals, the record reflects that defendant was incarcerated for approximately seven years between the assaults and defendant

was therefore presumably unable to commit similar sexual offenses.

4. *See* § 16–5–401(6), 8A C.R.S. (1986).

ing the assaults fifteen to nineteen years before trial was reversible error.

In *Abbott v. People*, 89 Colo. 121, 299 P. 1053 (1931), we declared in a statutory rape case that: "evidence of another similar offense against the prosecuting witness by the defendant, and antedating the statute of limitations, was reversible error, and, upon authorities, this case must be reversed." *Abbott*, 89 Colo. at 122, 299 P. at 1053 (citing *Curtis v. People*, 72 Colo. 350, 353, 211 P. 381, 382 (1922); *Bigcraft v. People*, 30 Colo. 298, 304, 70 P. 417, 418 (1902)); *see also People v. Denious*, 118 Colo. 342, 360, 196 P.2d 257, 266 (1948).

*Abbott, Curtis, Bigcraft,* and *Denious* were decided prior to the enactment of section 16–10–301. *See* ch. 166, sec. 1, § 16–10–301, 1975 Colo.Sess.Laws 614, 614-15.[5] Statutes should be construed in a manner which does not defeat the obvious legislative intent. *People v. District Court*, 713 P.2d 918 (Colo.1986); *Tacorante v. People*, 624 P.2d 1324 (Colo.1981); *People v. Myers*, 182 Colo. 21, 510 P.2d 430 (1973). Section 16–10–301 sets forth the exclusive standards and procedures for the admission of prior similar acts in sexual assault cases. The statute contains no restrictions on the admission of evidence of prior similar acts based upon the ten-year statute of limitations for sexual offenses in section 16–5–401(6), 8A C.R.S. (1986).

To engraft a statute of limitations restriction into section 16–10–301 would establish a bright-line rule, but would invade the discretion vested in the trial court by the statute. The trial court is granted the discretion to determine the admissibility of similar transaction evidence in sexual assault cases based upon the relevancy of the evidence. § 16–10–301(2). Section 16–10–301(2) establishes the criteria for admission of testimony relating to similar acts and should not be circumscribed by a statute of limitation on sexual offenses.

5. *Abbott, Curtis, Bigcraft,* and *Denious* were also decided before the adoption of CRE 404(b) on October 23, 1974. CRE 404(b) states:
 **(b) Other crimes, wrongs, or acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person

The General Assembly is presumably cognizant of judicial precedent when it enacts legislation and did not restrict the trial court's discretion based on statutes of limitation for sexual offenses. *See Rauschenberger v. Radetsky*, 745 P.2d 640 (Colo. 1987); *Thompson v. People*, 181 Colo. 194, 510 P.2d 311 (1973); *Smith v. Miller*, 153 Colo. 35, 384 P.2d 738 (1963). We assume that the General Assembly was aware of the holdings in *Abbott, Curtis,* and *Bigcraft* when section 16–10–301 was enacted. The limitations period set forth in section 16–5–401 does not bar the admission of similar transaction evidence that meets the statutory requirements of section 16–10–301.

To the extent that *Abbott, Curtis, Bigcraft,* and *Denious* are inconsistent with this opinion, they are overruled. Accordingly, the judgment of the court of appeals is affirmed.

in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.