No. 23543.

JAMES B. WHITE *v.* THE PEOPLE OF THE STATE OF COLORADO.
(486 P.2d 4)

Decided June 14, 1971.

EDWARD H. SHERMAN, Public Defender in and for the City and County of Denver, TRUMAN E. COLES, Public Defender, STEPHEN C. RENCH, Assistant, ISAAC MELLMAN, Special Assistant, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, MICHAEL T. HALEY, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HODGES.

DEFENDANT James B. White brings this writ of error to review his conviction for possession of narcotic drugs. Upon completion of the People's evidence, defendant's motion for judgment of acquittal was denied. Defendant presented no evidence and the jury returned a guilty verdict.

The defendant urges reversal of the judgment of conviction on the basis of the following alleged errors:

1. Defendant's motion for judgment of acquittal on the ground of insufficiency of the evidence was erroneously denied. This assertion of error relates to a claimed de-

ficiency in the chain of evidence of an exhibit, a marijuana cigarette.

2. The trial court should not have allowed police officer Hoaglin to testify as an expert in marijuana analysis, since he was not properly qualified as an expert.

3. The trial court erred in giving Instruction No. 12 relating to the defendant's election not to testify.

In our view, reversible error is not involved in any of the above specified contentions of the defendant. We therefore affirm the judgment of the trial court.

## I.

Defendant was stopped by police officers Lambert and Brown because he fit the description of a wanted man listed in a Denver police bulletin. Defendant was asked for his identification. He reached for his wallet, and at this time the officers noted that a small white object fell from his hand. Without losing sight of the object, the officers retrieved it, visually examined it and arrested defendant for possession of marijuana. The officers testified that from their experience they determined that the white object was a marijuana cigarette.

The cigarette was marked with the date and initialed by officer Lambert, who then placed the cigarette in a white envelope (Exhibit E) and this white envelope in turn was placed in a yellow manilla envelope (Exhibit A). The yellow manilla envelope was sealed and placed in an evidence container having a hasp sealed by a metal strip. This metal strip (Exhibit C), (impressed with the number 3500), was initialed and dated by officer Lambert.

Officer Charles D. Hoaglin, of the Denver Police Department's Crime Laboratory, testified at trial that he broke the seal on the evidence container and removed the evidence. We note here that the seal (Exhibit C), a part of the record before us, is scratched with impression "CDH 4-20-67" and is marked "3500." Officer Hoaglin then removed the cigarette from the envelope (Exhibit E), and, after removing a portion of it for

analysis (Exhibit D), he initialed the cigarette and placed it back into the envelope (Exhibit E). He then sealed the envelope and initialed the seal. His analysis of the cigarette portion (Exhibit D) established that it was marijuana.

At trial, the seal on Exhibit A was broken, the white envelope, Exhibit E, was removed, its seal was broken and the cigarette was offered and admitted into evidence. Also admitted into evidence were the yellow envelope (Exhibit A), the cigarette portion analyzed, (Exhibit D), and the evidence box seal with the imprint "3500." (Exhibit C).

■ Defendant contends that the chain of evidence linking him with the analyzed marijuana cigarette was defective because the testimony does not clearly define what seals were broken and what envelopes were involved. We agree that the testimony in this respect is somewhat confusing, and that the district attorney should have exercised more care in his questioning in order to clearly identify the seals being broken at trial and the envelopes involved. However, our study of this testimony and the examination of the various exhibits involved makes it obvious to us that the same item that fell from the defendant's hand when he was stopped by the police, was the item which was analyzed by officer Hoaglin. Furthermore, the evidence relating to the dating and initialing of the evidence and the sealing of envelopes and evidence containers, makes it convincingly clear, that between the receipt of this evidence and the analysis, there was no tampering or substitution. *Reynolds v. People,* 172 Colo. 137, 471 P.2d 417. See generally, M. Melville, *Manual of Criminal Evidence* (2d ed. 1954) at 260; 29 Am. Jur. 2d *Evidence* §774.

## II.

■ Defendant's second contention is that the court erred in allowing officer Hoaglin to testify as an expert in narcotic drugs analysis. Defendant's only basis for this contention is that officer Hoaglin did not have a bache-

lor's degree. In light of the testimony concerning officer Hoaglin's long experience in narcotics analysis and his on-the-job training with experts in this field, plus his educational background, we find no merit to this contention. The matter of the qualification of an expert witness is discretionary with the trial court. The court's decision to allow a witness to testify as an expert will not be disturbed without a clear showing of an abuse of discretion. *Scott v. People,* 166 Colo. 432, 444 P.2d 388; *Stone v. People,* 157 Colo. 178, 401 P.2d 837. The fact that officer Hoaglin was not a college graduate does not preclude his testifying as an expert on the basis of other technical training and pretrial experience. *Stone v. People, supra; Ausmus and Moon v. People,* 47 Colo. 167, 107 P.204.

### III.

Finally, it is contended that the court erred in giving to the jury Instruction No. 12 over defendant's objection. This instruction is quoted as follows:

"THE COURT INSTRUCTS THE JURY: That while the statute of this state provides that a person charged with crime may testify in his own behalf, he is under no obligation to do so, and the statute expressly provides that the defendant's election not to testify shall not create any presumption against him. And in this case, the election of the defendant James B. White not to testify should not be taken or considered by the jury as any evidence of his guilt or innocence."

In several cases, this court has recently considered this question. Although we have disapproved of the giving of such an instruction when a defendant objects to it, we have concluded that it does not constitute prejudicial error. *McLean v. People,* 172 Colo. 338, 473 P.2d 715; *Kimmel v. People,* 172 Colo. 333, 473 P.2d 167.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE DAY and MR. JUSTICE GROVES concur.