The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Roger Courtland FELL, Defendant–Appellant.

No. 90CA1625.

Colorado Court of Appeals, Div. III.

Dec. 5, 1991.

Rehearing Denied Jan. 9, 1992.

Certiorari Denied June 22, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Cheryl A. Linden, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Hurth, Yeager & Sisk, Christopher W. Blakemore, Boulder, for defendant-appellant.

Opinion by Judge CRISWELL.

Defendant, Roger Courtland Fell, appeals the judgments of conviction entered upon jury verdicts finding him guilty of first degree sexual assault, third degree sexual assault, and two counts of incest. He also seeks review of his six year sentence. We affirm.

As bases for reversal, defendant asserts that the trial court improperly admitted prior similar transaction evidence; that the prosecutor made improper remarks during closing argument; that the court inadequately responded to an inquiry from the jury during deliberations; that the court put undue pressure on the jury to complete deliberations; that the evidence was insufficient to support his convictions; and that the sentence imposed was unduly harsh. We conclude that none of the alleged er-

rors warrant overturning the judgment or sentence imposed.

## I.

### Admission of Similar Transaction Evidence

■ Defendant first contends that the trial court erred in allowing evidence that he had sexually abused the victim when she was a child. He claims this evidence was too remote in time from and not sufficiently similar to the current charges and was unnecessary and unduly prejudicial. We disagree.

Section 16–10–301(1), C.R.S., (1986 Repl. Vol. 8A) provides that in criminal prosecutions for sexual assault the prosecution may "introduce evidence of other, similar acts or transactions of the defendant for the purpose of showing a common plan, scheme, design, identity, modus operandi, motive, guilty knowledge, or intent." It further provides that, prior to admitting the evidence, the court must: (1) find that the prosecution has made out a *prima facie* case, (2) determine that the evidence offered is relevant, (3) determine that any resulting prejudice is outweighed by the probative value of such evidence, and (4) direct the jury as to the limited purpose for which the evidence is admitted and for which the jury may consider it. This limiting instruction must occur both at the reception of the evidence and at the general charge to the jury.

If the prior transaction involved the defendant and the same victim, such evidence will normally be admissible as probative of plan, scheme, or design. *People v. Vollentine*, 643 P.2d 800 (Colo.App.1982). The evidence here fits this criterion for admissibility.

The victim testified that her father began to fondle her breasts and groin area when she was eight years old and that he had forcible sexual intercourse with her on New Year's Eve 1974 when she was ten. The victim also described a typical pattern of behavior by the defendant surrounding the abusive episodes. She testified that, prior to the abuse, the defendant would act in a warm and loving manner toward her; however, following the sexual abuse, he would become verbally abusive. The victim testified that the defendant followed this same behavior pattern the night of the December 1988 assault.

The trial court found similarity in the persons and the sexual acts involved, in "the pattern of flattery beforehand and reproach afterwards," and in the defendant's use of the father/daughter relationship for sexual gratification. These findings are supported by ample evidence; thus, no error occurred in the determination of relevance and admissibility.

The defendant claims that the evidence of any prior sexual abuse is too remote in time and, thus, argues that it is so unduly prejudicial as to warrant its exclusion. We disagree.

"There are few absolute rules on the number of years that can separate two instances of conduct without destroying the evidentiary value of one." *People v. Adrian*, 744 P.2d 768 (Colo.App.1987), *aff'd*, 770 P.2d 1243 (Colo.1989). An interval of approximately ten to twelve years elapsed between the childhood abuse and the charges for which defendant was being tried. However, the defendant and the victim's mother were divorced during that period and the defendant had had no contact with the victim for four years and only limited contact with her thereafter. Given these circumstances, we conclude that the prior incidents of sexual abuse were not too remote. Consequently, no undue prejudice to defendant resulted from their admission.

■ The defendant also urges us to place a limitation on the use of similar transaction evidence as defined by § 16–10–301, C.R.S. (1986 Repl.Vol. 8A) to cases involving sexual assault on a child. He argues that this type of evidence should only be allowed in those cases because of the difficulty a child may have in recollecting and articulating the details of a sexual assault.

The defendant asserts that such evidence was unnecessary here because the victim is an adult and can completely remember and

describe the occurrences. This contention is without merit.

He provides no direct authority to support such a restriction, and we are unable to find any. *See People v. Roberts*, 738 P.2d 380 (Colo.App.1986) (17–year–old–daughter in incest prosecution testified to similar transactions with her father over previous ten years). Also, the statute contains no language to support his assertion. Thus, in our view, similar transaction evidence which meets the requirements of § 16–10–301 C.R.S. (1986 Repl.Vol. 8A) is admissible in a prosecution for sexual assault regardless of the age of the victim.

The trial court's ruling to admit evidence of a similar transaction will only be disturbed if an abuse of discretion occurred. *Adrian v. People, supra.* Here, since the trial court provided all the statutory procedural protections, *i.e.*, it found that the prosecution established a prima facie case, that the evidence was relevant to a material issue in the case, and that the evidence was offered for a valid purpose and was more probative than prejudicial and gave the required limiting instructions, we see no abuse of discretion in its rulings.

## II.

### Closing Argument

Defendant contends that during initial closing argument and on rebuttal the prosecutor made improper statements concerning inferences that could be drawn from the similar transaction evidence and that these remarks effectively denied him a fair trial. We disagree.

■ Defendant did not object during either argument. If no contemporaneous objection to alleged prosecutorial misconduct is made at trial, Crim.P. 52(b) limits appellate review to a determination of plain error. *People v. Hampton*, 746 P.2d 947 (Colo.1987).

■ Plain error is present only if an appellate court, after reviewing the entire record, can say with fair assurance that the error so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction. *Wilson v. People*, 743 P.2d 415 (Colo.1987). Further, prosecutorial misconduct must be flagrantly improper to be classified as plain error. *People v. Constant*, 645 P.2d 843 (Colo.1982).

■ Defendant argues that it was improper for the prosecutor to comment that the evidence of similar transactions between the victim and her father explained the victim's response to the assaults of December 1988 and July 1989 and her failure to report them earlier. Considering the testimony of the victim and the limiting instructions given by the trial court regarding the proper use of the similar transaction evidence, we find no error in the prosecutor's comment.

## III.

The defendant also contends that the court erred in its response to a jury inquiry. While we agree that the court's response constituted error, we conclude that, under the circumstances portrayed by this record, that error was harmless.

In instruction number 13 to the jury, the court defined the term, "sexual penetration," as "sexual intercourse, cunnilingus, fellatio, analingus [sic], or anal intercourse.... Any penetration, however slight, is sufficient to complete the crime." This definition repeats the statutory definition of the term. Section 18–3–401(6), C.R.S. (1986 Repl.Vol. 8B). No instruction on the distinction between "sexual penetration" and "sexual intrusion," *see* § 18–3–401(5), C.R.S. (1986 Repl.Vol. 8B), was given because, at defendant's request, no instruction on second degree sexual assault was given.

Under the circumstances here alleged, sexual penetration is an element of the crime of sexual assault in the first degree, § 18–3–402, C.R.S. (1986 Repl.Vol. 8B), and, of incest, as well, § 18–6–301, C.R.S. (1991 Cum.Supp.); it is not an element of the crime of third degree sexual assault. Section 18–3–404, C.R.S. (1986 Repl.Vol. 8B).

After it commenced its deliberations, the jury sent out a note which said:

> The jury requires a clarification of the definition of "sexual penetration." Does penetration by fingers qualify under this definition?

The trial court consulted with counsel, at which time the defendant asked that the jury be given a negative response. Instead, the court replied to the inquiry by informing the jury that:

> I am not permitted to give you any additional instructions. The definition of "sexual penetration" which you must employ is contained in Instruction #13.

■ Generally, an instruction employing the language of the statute is sufficient if the language is clear. *See People v. Freeman,* 668 P.2d 1371 (Colo.1983).

■ Further, absent some showing to the contrary, it is presumed that the jurors understood the court's instructions. *People v. Moody,* 676 P.2d 691 (Colo.1984).

■ However, if "a jury affirmatively indicates that it has a fundamental misunderstanding of an instruction it has been given, the basis for a presumption that the jury understands the instruction disappears." *Leonardo v. People,* 728 P.2d 1252 (Colo.1986). In such circumstances, the court must give appropriate additional instructions unless:

> (i) the jury may be adequately informed by directing their attention to some portion of the original instructions;
> (ii) the request concerns matters not in evidence or questions which do not pertain to the law of the case; or
> (iii) the request would call upon the judge to express an opinion upon factual matters that the jury should determine.

ABA *Standards for Criminal Justice,* Standard 15–4.3(a)(2d ed. 1980) (adopted in *Leonardo v. People, supra* ).

■ Here, the jurors' inquiry as to the inclusiveness of the term "sexual penetration" made clear that they had considered the instruction defining this term and had found it wanting. The same was true in *Leonardo, supra.* Thus, unless it

may be said that the jurors could be "adequately informed" as to the problem troubling them by referring them again to the same instruction that they had already read, the court was required to provide an "additional appropriate instruction." And, instruction 13 could adequately inform upon the point only if its language is clear.

Viewed from a technical standpoint only, the instruction is clear. The terms "sexual intercourse" and "anal intercourse" require more than penetration by fingers. Nor does penetration by fingers meet the technical definition of the terms "fellatio," "cunnilingus," or "anilingus."

However, these latter terms carry specific meanings that many jurors may not understand. Indeed, had the jurors here been aware of the precise definitions of these three technical, Latin-derived words, they would have had no need for further explanation. The fact of their inquiry itself demonstrates that they were confused by the definitional instruction. *See Leonardo, supra.*

Hence, we conclude that, under the circumstances demonstrated by this record, the court erred in refusing to provide a straightforward negative response to the jurors' question.

Nevertheless, we conclude that such error was harmless.

■ Because third degree sexual assault may be committed without proof of sexual penetration, defendant's conviction of that crime could not have been affected by the lack of response to the jurors' inquiry.

Further, nothing within the testimony in this case suggests that the jury convicted defendant either of first degree sexual assault or incest based upon some action short of his actual sexual intercourse with the victim. The victim testified unequivocally to such intercourse, while defendant denied any improper touching at all. Hence, in order to convict defendant of either of these offenses, the jurors had to accept the victim's testimony, and nothing in that testimony could support the infer-

ence that defendant penetrated the victim only with his fingers.

Therefore, while the trial court should have given an additional clarifying instruction, its failure to do so did not constitute prejudicial error in this case.

## IV.

### Time for Jury Deliberations

■ The defendant also urges reversal because, in his view, the jury was pressured into rendering a verdict prematurely by the court's remark during voir dire regarding the anticipated length of trial. We disagree.

On Wednesday at the commencement of trial, the court told prospective jurors that it estimated the trial would last approximately two and one-half days. One prospective juror explained that he had a potential conflict because he had also been called for jury duty in the United States District Court on the following Monday. The court assured this juror that, "You will be out of here. I assure you." The jury rendered its verdicts on Friday afternoon. The defendant asserts that the jury was pressured to conclude its deliberations by the end of the week based on the comment made by the court.

These facts are distinguishable from those in other cases dealing with coercion of the jury to render a verdict within prescribed time limits. The court here did not stress the time factor. *See People v. Lazdins,* 728 P.2d 354 (Colo.App.1986) (court's comments regarding the time and instructions to continue deliberations amounted to an unduly coercive "time-fuse" instruction). Nor is there any evidence that the jury was having significant difficulty reaching a verdict. *See Allen v. People,* 660 P.2d 896 (Colo.1983) (held court acted improperly when deadlocked jury given 15 minutes to arrive at a verdict before court would declare a mistrial). Also, the court here did not suggest that the jurors surrender their conscientiously held views for the sake of meeting the "deadline." *See · People v. Farley,* 712 P.2d 1116 (Colo.App.1985), *aff'd,* 746 P.2d 956 (Colo.1987).

Here, the court's time . estimate was a passing remark at the beginning of the trial; it hardly rises to the level of an instruction to guide the jury during deliberations, and we do not deem it coercive in any way.

## V.

### Sufficiency of the Evidence

■ Defendant next contends that the evidence was insufficient to prove the necessary elements of first degree and third degree sexual assault. We disagree.

Regarding his conviction for first degree sexual assault, the defendant argues that the prosecution failed to prove the elements of sexual penetration and submission of the victim through the actual application of physical force or physical violence. The record belies this assertion.

*People v. Fierro,* 199 Colo. 215, 606 P.2d 1291 (1980) held that, in a prosecution for first degree sexual assault, direct testimony of the victim to the effect that sexual penetration had occurred during the commission of the sexual assault was sufficient to prove the element of sexual penetration.

The victim here unequivocally testified that her father inflicted sexual intercourse upon her. She testified that, despite her continuing resistance, he pulled her toward him, forced her legs apart, held her so firmly as to leave marks on her skin, pinned her against the car, ripped her clothes, and accomplished sexual penetration.

Although the defendant flatly denied the incident, the jury obviously believed the victim's testimony. The weighing of the credibility of witnesses is solely within the province of the jury, *People v. Gonzales,* 666 P.2d 123 (Colo.1983), and here sufficient evidence existed to enable the jury to convict the defendant of first degree sexual assault.

The defendant also asserts that the prosecution failed to prove the element of "sexual contact" in the third degree sexual assault charge. We disagree.

To constitute sexual contact there must be a knowing touching by the defendant of the clothing covering the immediate area of the victim's intimate parts (in this case the victim's breast) which could "reasonably be construed as being for the purposes of sexual arousal, gratification, or abuse." Section 18–3–401(4), C.R.S. (1986 Repl.Vol. 8B).

When reviewing for sufficiency, the evidence and every reasonable inference which may be fairly drawn from it must be viewed in the light most favorable to the prosecution. *Kogan v. People,* 756 P.2d 945 (Colo.1988).

The record contains ample evidence regarding the location, length, and firmness of the touch as well as evidence of other inappropriate behavior that same evening by the defendant toward his daughter (including a french kiss and pat on the buttocks in front of other family members) to allow the jury to infer reasonably that the defendant's purpose in touching the victim's breast was for sexual arousal, gratification, or abuse. Since the evidence of third degree sexual assault is sufficient to support the verdict, we will not disturb it.

## VI.

### Propriety of the Sentence

Finally, defendant seeks review of the propriety of his sentence. He asserts that the sentence of six years is unduly harsh. In our view, the sentence was not inappropriate.

Defendant points out that the prosecutor had recommended a minimum sentence of four years to the Department of Corrections. However, it is not improper for the sentencing court, on its own volition, to sentence contrary to the district attorney's recommendation.

The defendant also argues that the court did not adequately consider in mitigation his lack of a prior criminal record, his advanced age, and his unlikeliness to repeat his crime. In its review, an appellate court must determine whether a sentence is consistent with the nature of the offense, the character of the offender, and the public interest. *People v. Vigil,* 718 P.2d 496 (Colo.1986). Lack of prior criminal record is only one factor to be weighed in the sentencing process. *Rocha v. People,* 713 P.2d 350 (Colo.1986).

The trial court's mention of such aggravating factors as the seriousness of the crimes and the defendant's continued refusal to admit any improper conduct towards his daughter does not demonstrate its failure to consider adequately the mitigating factors. Such consideration is implicit in its selection of a sentence to a term in the lower end of the presumptive range. No abuse of discretion occurred here.

The judgments and sentences are affirmed.

NEY, J., concurs.

METZGER, J., specially concurs.

Judge METZGER specially concurring.

Although I concur in the result reached in this case, I write separately because, in my view, the trial court's response to the jury inquiry did not constitute error.

In *Leonardo v. People,* 728 P.2d 1252 (Colo.1986), our supreme court adopted ABA, *Standards for Criminal Justice,* Standard 15–4.3(a) (2d ed. 1980). That standard requires a trial court to answer a jury's inquiry by giving additional instructions unless, *inter alia,* "the request concerns matters not in evidence or questions which do not pertain to the law of the case...."

Here, the record contains no evidence whatsoever concerning penetration by fingers, an issue that formed the basis of the jury's inquiry. Consequently, contrary to the majority's conclusion, I do not believe that the trial court bore any obligation to answer the question. The court's answer, which referred the jury to the appropriate definitional instruction for sexual penetration, was a sufficient and entirely proper response in that it served to focus the jury's attention on matters that were at issue under the evidence presented.