Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
February 27, 2017

## 2017 CO 18

**No. 14SC25, <u>People v. Zadra</u>, & No. 15SC262, <u>People v. Adams</u>—Plain Error Review—Double Jeopardy.**

These two cases present the issues of whether double jeopardy claims can be raised for the first time on direct appeal and, if so, what standard of review applies. The supreme court addresses the same issues in four cases decided today as <u>Reyna-Abarca v. People</u>, 2017 CO 15, ___ P.3d ___.  There, the supreme court concluded that unpreserved double jeopardy claims can be raised for the first time on appeal and that appellate courts should ordinarily review such claims for plain error.

Applying that ruling here, the court concludes that the divisions in <u>People v. Zadra</u>, 2013 COA 140, ___ P.3d ___, and <u>People v. Adams</u>, No. 12CA339 (Colo. App. Mar. 12, 2015), correctly conducted plain error review of the defendants' unpreserved double jeopardy claims and merged certain of the defendants' convictions.

Accordingly, the supreme court affirms the judgments in both cases.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2017 CO 18

### Supreme Court Case No. 14SC25
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 10CA1207

#### Petitioner:

The People of the State of Colorado,

v.

#### Respondent:

Michelle L. Zadra.

### Judgment Affirmed
*en banc*
February 27, 2017

**\* \* \* \* \***

### Supreme Court Case No. 15SC262
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 12CA339

#### Petitioner:

The People of the State of Colorado,

v.

#### Respondent:

Cornell L. Adams.

### Judgment Affirmed
*en banc*
February 27, 2017

**Attorneys for Petitioner:**
Cynthia H. Coffman, Attorney General
John T. Lee, Assistant Attorney General
  *Denver, Colorado*

**Attorneys for Respondent Michelle L. Zadra:**
Gill & Ledbetter, LLP
Anne Whalen Gill
  *Castle Rock, Colorado*

**Attorneys for Respondent Cornell L. Adams:**
Douglas K. Wilson, Public Defender
Sarah A. Kellogg, Deputy Public Defender
  *Denver, Colorado*

**JUSTICE GABRIEL** delivered the Opinion of the Court.

2

¶1     These two cases present the issues of whether double jeopardy claims can be raised for the first time on direct appeal and, if so, what standard of review applies.[1] We addressed these same issues in four cases decided today as <u>Reyna-Abarca v. People</u>, 2017 CO 15, ___ P.3d ___. In <u>Reyna-Abarca</u>, we concluded that unpreserved double jeopardy claims can be raised for the first time on appeal and that appellate courts should ordinarily review such claims for plain error. <u>Id.</u> at ¶ 2. Applying that ruling here, we conclude that the divisions in <u>People v. Zadra</u>, 2013 COA 140, ___ P.3d ___, and <u>People v. Adams</u>, No. 12CA339 (Colo. App. Mar. 12, 2015), correctly conducted plain error review of the defendants' unpreserved double jeopardy claims and merged certain of the defendants' convictions. Accordingly, we affirm the judgments in both cases.

## I. Facts and Procedural History

¶2     We begin by discussing the pertinent facts and procedural histories of the two cases now before us.

## A. <u>Zadra</u>

¶3     The People charged Michelle L. Zadra with, among other things, nine perjury counts related to testimony that she provided in connection with her role as a captain in the Gunnison County Sheriff's Office with supervisory authority over the county jail.

---

[1] Specifically, we granted certiorari in <u>Zadra</u> to review the following issue:

    Whether unpreserved multiplicity claims are reviewable for plain error.

We granted certiorari in <u>Adams</u> to review the following issue:

    Whether a double jeopardy claim can be raised for the first time on direct appeal.

Zadra did not object to the multiple perjury charges pursuant to Crim. P. 12(b)(2), which provides, as pertinent here, that objections based on defects in the charging document may be raised only by motion and that the failure to present such an objection constitutes a waiver thereof.

¶4     After trial, a jury found Zadra guilty of, among other charges, seven perjury counts. At no time prior to or during the sentencing proceedings did Zadra argue that her multiple perjury convictions violated her double jeopardy rights under either the United States or Colorado Constitutions.

¶5     Zadra appealed her convictions and argued, as pertinent here, that charging and sentencing her on seven perjury counts that allegedly arose from her testimony at a single hearing violated section 18-1-408(1), C.R.S. (2016). That section allows a defendant to be <u>prosecuted</u> for multiple offenses arising from his or her conduct but does not allow the defendant to be <u>convicted</u> of more than one offense if, among other things, (1) one offense is included in the other, (2) one offense consists only of an attempt to commit the other, or (3) the offense at issue is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted (unless the law provides that specific periods or instances of such conduct constitute separate offenses). <u>Id.</u> Zadra contended that the testimony underlying the seven perjury counts at issue all occurred at a single hearing and therefore constituted a single episode. She thus argued that her multiplicitous convictions violated section 18-1-408.

¶6     The People responded that Zadra had waived this claim by not objecting at trial to defects in the information under Crim. P. 12(b)(2). Alternatively, the People

4

contended that section 18-1-408 did not preclude the multiple perjury convictions at issue because the applicable perjury statute did not define perjury as a continuing offense and each conviction depended on different "funds of evidence."

¶7 In a unanimous, published decision, the court of appeals division, relying on case law interpreting the federal analogue to Crim. P. 12(b)(2), see Fed. R. Crim. P. 12(b)(2)(B), initially agreed with the People's assertion that a multiplicity challenge to counts alleged in a charging document is an objection of the type that Crim. P. 12(b)(2) requires, at least when the defect is apparent from the face of the charges. Zadra, ¶¶ 65–66. The division further observed, however, that federal appellate courts had disagreed as to whether a "waiver" under the federal rule precluded appellate review altogether, absent a showing of good cause for overlooking the waiver. Id. at ¶ 67. In particular, the division noted that some courts had held that plain error review was available if it appeared that the defendant's failure to file a Fed. R. Crim. P. 12(b)(2)(B) motion was not intentional, but rather was the result of mere oversight. Id. Persuaded by this reasoning, the Zadra division concluded that because nothing in the record indicated that Zadra's failure to file a timely motion asserting multiplicity was anything other than an oversight, plain error review was appropriate. Id. at ¶ 71. The division then proceeded to the merits, ultimately concluding that three of Zadra's perjury convictions had been established by identical proof, thereby requiring merger of those counts. Id. at ¶¶ 81–82.

¶8 The People petitioned this court for a writ of certiorari on whether the division had properly reviewed Zadra's claim for plain error, and we granted that petition.

5

## B.  Adams

¶9     The People charged Cornell L. Adams with, among other things, attempt to commit sexual assault and sexual assault of his daughter's mother.  At trial, Adams did not challenge these two charges pursuant to Crim. P. 12(b)(2).

¶10     After Adams's first trial resulted in a mistrial, the People tried him again, and a jury found him guilty of, as pertinent here, the attempted sexual assault and sexual assault counts.  At no time prior to or during the subsequent sentencing proceedings did Adams challenge his convictions for both attempted sexual assault and sexual assault on double jeopardy grounds.

¶11     Adams appealed and argued for the first time that his convictions on these two counts violated double jeopardy principles and, thus, the trial court had erred in not merging those counts.  Specifically, Adams contended that because these two convictions arose from the same sexual assault incident, they constituted multiple punishments for a single act of sexual assault.

¶12     The People disagreed, arguing that Adams had vaginally raped the victim and then, separately, attempted to penetrate her anally.  Accordingly, the People contended that sufficient evidence supported both convictions.

¶13     In a unanimous, unpublished decision, the division reviewed Adams's unpreserved double jeopardy claim for plain error.  Adams, slip op. at 14–15.  The division began by noting that double jeopardy principles protect the accused from the imposition of multiple punishments for the same offense.  Id. at 15.  The division then concluded that the evidence presented in support of the attempted sexual assault (i.e.,

the attempted anal penetration) did not establish that it was separated by time, space, or a volitional departure from the sexual assault (i.e., the vaginal penetration) so as to support multiple convictions. Id. at 17–19.

¶14 Having thus discerned error, the question remained whether the error rose to the level of plain error. The division concluded that it did, thereby requiring that the attempted sexual assault conviction merge into the sexual assault conviction. Id. at 18–19.

¶15 The People petitioned this court for a writ of certiorari on the issue of whether the division had properly reviewed Adams's double jeopardy claim for the first time on direct appeal, and we granted that petition.

## II. Analysis

¶16 The People contend that the Zadra and Adams divisions erred in reviewing the defendants' unpreserved double jeopardy claims for plain error. We addressed the same issue in the four cases decided today as Reyna-Abarca. In those cases, the defendants sought review of unpreserved claims that their convictions for both greater and lesser included offenses violated double jeopardy principles. We concluded that unpreserved double jeopardy claims can be raised for the first time on appeal and that appellate courts should ordinarily review such claims for plain error. Reyna-Abarca, ¶ 2.

¶17 In reaching this conclusion, we expressly rejected the People's contention, which the People also assert in the present cases, that a double jeopardy claim must be raised at trial pursuant to Crim. P. 12(b)(2), or else it is waived. Id. at ¶¶ 38–45. As we

7

explained at length in <u>Reyna Abarca</u>, Crim. P. 12(b)(2) is inapplicable because (1) prosecutors are permitted to charge in an information multiple claims arising from the same set of facts; (2) a double jeopardy claim does not arise until the defendant is convicted of multiplicitous counts; (3) Crim. P. 12(b)(2) does not require a defendant to file a motion regarding any error that might later flow from the charging document; and (4) no authority supports the People's position that a defendant must "bookmark" a future double jeopardy claim at the pleadings stage. <u>See</u> <u>id.</u>

¶18 The same analysis applies to the cases now before us. Accordingly, we conclude that the divisions below properly reviewed the defendants' unpreserved double jeopardy claims for plain error, although our analysis, which concludes that Crim. P. 12(b)(2) is inapplicable, differs from that employed by the <u>Zadra</u> division, which concluded the Crim. P. 12(b)(2) applies but that plain error review was proper when the defendant's failure to file a Crim. P. 12(b)(2) motion was not intentional but merely the result of oversight.

### III. Conclusion

¶19 For these reasons, we affirm the judgments in <u>Adams</u> and <u>Zadra</u> and remand both cases for further proceedings consistent with this opinion.

8